DECISION AND JUDGMENT ENTRY
{¶ 1} These consolidated appeals are before the court from judgments of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Thomas White, entered no contest pleas to three counts of rape. Appellant now challenges his sentences on appeal through the following assignment of error:
 {¶ 2} "Prejudicial error was committed when the trial court imposed consecutive sentences upon the appellant without making all of the findings required under R.C. 2929.14(E)(4)."
 {¶ 3} On August 18, 2003, appellant was indicted and charged with two counts of rape and two counts of kidnapping in case number CR03-2820. Firearm specifications were attached to each of those counts. Thereafter, on January 12, 2004, appellant was indicted and charged with one count of rape and one count of kidnapping in case number CR04-1044. A firearm specification was attached to the kidnapping charge. The cases together involved three separate victims and appellant entered not guilty pleas to all of the counts.
 {¶ 4} On April 19, 2004, appellant withdrew his previous pleas of not guilty and entered pleas of no contest to three counts of rape. In exchange for appellant's pleas, the state agreed to request a nolle prosequi to the remaining counts and specifications. The court found appellant guilty of the three rape charges and set the matter for sentencing. Appellant appeared before the court on May 27, 2004, at which time the case proceeded to a sexual offender classification and sentencing hearing. After determining that appellant was a sexual predator, the court sentenced appellant to seven years in prison on each of the three rape convictions, and ordered that the sentences be served consecutively to each other, for a total of twenty-one years, and consecutively to terms that appellant was already serving in an unrelated case. It is from those sentences that appellant now appeals.
 {¶ 5} In his sole assignment of error, appellant asserts that the lower court failed to make the findings necessary to impose upon him consecutive terms of imprisonment. For the following reasons we agree.
 {¶ 6} Pursuant to R.C. 2953.08, appellate courts have the authority to review sentencing decisions of trial courts. Appellate courts may only vacate or modify a sentence upon clear and convincing evidence that "the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence." State v. Persons (Apr. 26, 1999), 4th Dist. No. 98 CA 19; R.C. 2953.08(G). In making a decision, the sentencing judge must remain within the purview of one of the two purposes of felony sentencing, either to protect the public from future crime or to punish the offender, as outlined by R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." R.C. 2929.11(A). Moreover, "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C.2929.11(B).
 {¶ 7} Under R.C. 2929.12(A), a court imposing sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in" R.C. 2929.11. This discretion is guided by the factors in R.C. 2929.12(B) and (C), regarding the seriousness of the offender's conduct, R.C. 2929.12(D) and (E), regarding the likelihood of the offender's recidivism, and any other factors which the court finds relevant. In weighing these factors, the court is able to use its discretionary judgment to assign the amount of weight given to any individual factor in the final decision. State v. Arnett (2000), 88 Ohio St.3d 208, 213.
 {¶ 8} In addition, R.C. 2929.14(E)(4) governs the procedures that the sentencing court is to follow when imposing consecutive sentences on an offender:
 {¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} The Supreme Court of Ohio has held that "when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus. See, also, R.C. 2929.19(B)(2).
 {¶ 14} At the sentencing hearing below, the lower court stated, with regard to the consecutive sentences:
 {¶ 15} "Also it's noted by the Court that you have a particularly bad criminal history. This now marks your, I believe, fifth, sixth and seventh felony convictions as an adult, most of them very serious. You have 15 convictions for misdemeanor. There were three separate women who were terrorized and victimized in these cases.
 {¶ 16} "The Court's already adjudicated you to be a sexual predator. I don't think that there's a great deal of choice but to impose these sentences consecutively to each other and consecutive to the 1320, which was the case involving Judge Doneghy where there was 15 years aggregate sentence."
 {¶ 17} The lower court did not find on the record either (1) that consecutive sentences were necessary to protect the public from future crime or (2) that consecutive sentences were necessary to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger he poses to the public. In addition, although the court referenced appellant's extensive criminal record, the court did not find that any of the factors listed under R.C. 2929.14(E)(4)(a), (b) or (c) existed. Accordingly, we must find appellant's sole assignment of error well-taken.
 {¶ 18} On consideration whereof, this court finds that the Lucas County Court of Common Pleas erred in sentencing appellant. Those sentences are hereby vacated and the case is remanded to the trial court for resentencing in accordance with this decision. The trial court's judgment is affirmed in all other respects. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED IN PART.
Pietrykowski, J., Singer, P.J., M. Parish, J., concur.